IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Fidel Angel Vasquez, | : | |
| Petitioner | : | Case No. 2:09-cv-00935 |
| v. | : | Judge Smith |
| Debrah Timmerman-Cooper, Warden, | : | Magistrate Judge Abel |
| Respondent | : | |
| | : | |

# Report and Recommendation

Petitioner Fidel Angel Vasquez, a prisoner at the London Correctional Institution, brings this action for writ of habeas corpus under 28 U.S.C. §2254. This matter is before the Magistrate Judge for preliminary consideration under Rule 4, Rules Governing Section 2254 Cases in United States District Courts.

The petition alleges that on April 28, 2003 Vasquez was convicted in the Court of Common Pleas for Franklin County, Ohio for reckless homicide with a firearms specification and tampering with evidence. He was sentenced to a term of five years imprisonment on the reckless homicide count with an additional three years for the firearm specification and a consecutive three years for the tampering with evidence charge.

The petition alleges that petitioner filed a notice of appeal. On July 22, 2004 the Ohio Court of Appeals for the Tenth Appellate District issued a decision affirming the judgment of conviction. *State v. Vasquez*, No. 03AP-460, 2004 WL 1631610 (Ohio Ct. App.

Tenth Dist. July 22, 2004). Petitioner Vasquez filed a motion for leave to appeal to the Supreme Court of Ohio which was denied December 29, 2004.

The petition alleges that on June 23, 2008 petitioner filed a petition for post-conviction relief under Ohio Revised Code §§ 2953.21, *et seq.* The Common Pleas Court issued a decision denying the postconviction petition because it was time barred. Petitioner appealed that decision to the Ohio Court of Appeals. On March 17, 2009, the Court of Appeals issued a decision affirming the Common Pleas Court's denial of post-conviction relief on the ground that it was time barred. *State v. Vasquez,* No. 08AP-758, 2009 WL 690533 (Ohio Ct. App. Tenth Dist. March 17, 2009). Petitioner apparently did not file a motion for leave to appeal to the Supreme Court of Ohio.

Petitioner alleges that his conviction violated the United States Constitution because:

- A. He was denied the effective assistance of counsel during trial because his attorney failed to move to exclude two jurors.
- B. The trial court erred in imposing maximum, consecutive sentences, denying him due process of law.

The petition for writ of habeas corpus herein was filed October 20, 2009. Under the provisions of 28 U.S.C. §2244(d)(1), there is a one-year period of limitation for persons filing a federal petition for writ of habeas corpus. The limitation period begins to run from the date the judgment became final by the conclusion of direct review. 28

U.S.C. §2244(d)(1)(A).[1] Petitioner was convicted April 28, 2003. Petitioner filed a direct appeal; and, when the Court of Appeals affirmed the judgment of conviction, he filed a motion for leave to appeal to the Supreme Court of Ohio. His conviction became final ninety days after December 29, 2004, the date the Supreme Court of Ohio denied his motion for leave to appeal from the Court of Appeals' decision affirming the judgment of conviction[2]. He had one year from the date his conviction became final by conclusion of direct review to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1)(A). He failed to do so.

Vasquez did file a postconviction petition, but it did not toll the running of the statute of limitations for two reasons. First, it was not filed until well after the statute of limitations had already run. *See, Pace v. DiGuglielmo,* 544 U.S. 408, 417-19 (2005); *Vroman v. Brigano,* 346 F.3d 598, 602 (6th Cir. 2003)(Tolling "'can only serve to pause a clock that has not yet fully run'" quoting *Rashid v. Khulmann,* 991 F. Supp. 254, 259 (S.D.N.Y.

---

[1]The limitation period begins to run at a later date if there is an impediment to the filing of the habeas corpus petition created by the state in violation of the constitution, the constitutional right is newly-recognized, or petitioner could not have discovered by the exercise of due diligence a factual predicate to the claim. 28 U.S.C. §2244(d)(1)(B), (C) and (D). None of those situations apply here.

Further, the limitation period is stayed during the time a properly filed Ohio petition for post-conviction relief or other collateral review with respect to the judgment or claim is pending. 28 U.S.C. §2244(d)(2). Petitioner did not file a petition for post-conviction relief until June 2008, well after the statute of limitations had run.

[2]Petitioner had ninety days to file a petition for writ of *certiorari* to the United States Supreme Court. His conviction became final upon expiration of that time. *Clay v. United States,* 537 U.S. 522, 532 (2003); *Isham v. Randle,* 226 F.3d 691, 694-95 (6th Cir. 2000); *Bronaugh v. Ohio,* 235 F.3d 280, 283 at n. 3 (6th Cir. 2001).

1998)). Second, an untimely postconviction petition does not toll the running of the statute of limitations. *Pace,* 544 U.S. at 417-19. Further, the petition fails to allege any extraordinary circumstances, beyond petitioner's control, that made it impossible to file a petition on time. See, *Calderon v. United States District Court*, 112 F.3d 386, 391-92 (9th Cir. 1997).

Accordingly, the Magistrate Judge RECOMMENDS that this action be DISMISSED for failure to file the petition within the one-year period of limitation created by 28 U.S.C. §2244(d)(1).

If any party objects to this Report and Recommendation, that party may, within ten (10) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1)(B); Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *Thomas v. Arn*, 474 U.S. 140, 150-52 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also, Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

s/Mark R. Abel<br>United States Magistrate Judge